United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-10192** |
| **AMERICAN MEDICAL PROGRAMS,** | § | |
| **INC,** | § | |
| Debtors. | § | **Jointly Administered** |
| | § | **CHAPTER 11** |

### <u>MEMORANDUM OPINION</u>

This Court addresses two motions concerning the allowance of post-petition attorney's fees as a component of an unsecured claim in a Chapter 11 bankruptcy case.[1] On March 26, 2026, this Court entered an Order[2] denying AlphaCare Health Solutions, LLC's ("*AlphaCare*") Motion for Leave to Amend its Proof of Claim to include contractual attorney's fees.[3] On April 8, 2026, AlphaCare filed a motion to alter or amend the Court's March 26, 2026 Order under Federal Rule of Civil Procedure 59(e), as incorporated by Bankruptcy Rule 9023, seeking reconsideration of the denial of its motion to amend its proof of claim ("*Motion to Reconsider*").[4] The Debtors filed a motion to strike the Motion for Consideration as procedurally improper under Fifth Circuit standards ("*Motion To Strike*").[5] The central issue is whether AlphaCare, an unsecured creditor that voted to accept a confirmed plan of reorganization expressly excluding post-petition attorney's fees from allowed claims, may recover such fees through post-confirmation litigation.

The answer is no. AlphaCare's Motion to Reconsider fails to meet the stringent Fifth Circuit standard for reconsideration, presenting no newly discovered evidence or change in

---

[1] ECF No. 55; ECF No. 61.
[2] ECF No. 47
[3] ECF No. 19.
[4] ECF No. 55.
[5] ECF No. 61.

controlling law, or demonstrating manifest error of law or fact or manifest injustice warranting reconsideration.[6] For the reasons set forth below, AlphaCare's Motion to Reconsider is DENIED, and the Debtors' Motion to Strike is GRANTED.

**I.   BACKGROUND**

### A. The Debtors and the chapter 11 cases

The Debtors in these jointly administered Chapter 11 cases are: (1) Hub City Home Health, Inc. (Case No. 24-10191); (2) American Medical Programs, Inc. (Case No. 24-10192); (3) American Medical Home Health Services-San Antonio, LLC (Case No. 24-10193); (4) American Medical Home Health Services, LLC (Case No. 24-10194); and (5) American Medical Hospice Care, LLC (Case No. 24-10195).[7] These cases were initially filed under Subchapter V of the Bankruptcy Code, but the Debtors subsequently withdrew the Subchapter V election.[8] On December 19, 2025, this Court entered an Order Granting Debtors' Emergency Motion to Administratively Close/Hold Case in Abeyance Pending Resolution of Outstanding Claim Objections, designating Case No. 24-10192 as the main case for all future filings.[9]

### B. AlphaCare's proof of claim and the Debtors' objection

AlphaCare timely filed Proof of Claim No. 4-1 on December 30, 2024, in Case No. 24-10191, asserting approximately $126,000 in amounts due under a contract with the Debtors for billing and related services.[10] The Debtors did not object to AlphaCare's claim until July 7, 2025-

---

[6] *See In re RunItOneTime LLC*, No. 25-90191, 2026 LX 50960, at *12 (Bankr. S.D. Tex. Jan. 26, 2026) (citing *Benjamin Moore & Co. v. Borden (in Re Benjamin Moore & Co.)*, 318 F.3d 626, 629 (5th Cir. 2002)).

[7] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 1 (Bankr. S.D. Tex.); *In re Am. Med. Programs, Inc.*, No. 24-10192, at ECF No. 1 (Bankr. S.D. Tex.); *In re Am. Med. Home Health Servs.-S.A.*, No. 24-10193, at ECF No. 1 (Bankr. S.D. Tex.); *In re Am. Med. Home Health Servs., LLC*, No. 24-10194, at ECF No. 1 (Bankr. S.D. Tex.); *In re Am. Med. Hospice Care, LLC.*, No. 24-10195, at ECF No. 1 (Bankr. S.D. Tex.).

[8] *See In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 194, 195.

[9] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 447.

[10] *In re Hub City Home Health, Inc.*, No. 24-10191, Claims Register, Claim 4-1 (Dec. 30, 2024).

more than six months after the proof of claim was filed.[11] The Debtors' objection alleged that AlphaCare's services had caused delays in the Debtors' ability to obtain reimbursement from insurance carriers and Medicare, and that AlphaCare's billings violated the written services contract, Medicare rules and regulations, and industry standards.[12]

### C. Plan confirmation and AlphaCare's acceptance

On August 8, 2025, the same day AlphaCare retained counsel to defend its claim, this Court confirmed the Debtors' Plan of Reorganization.[13] AlphaCare's claim was expressly designated as disputed, and its amount and components were left unresolved and subject to the claims allowance process contemplated by the Plan.[14] The confirmed Plan contains a detailed definition of "Allowed Claim" that expressly excludes post-petition attorney's fees from unsecured claims.[15] Specifically, the Plan provides:

> Except as otherwise specified in the Plan or any Final Order of the Bankruptcy Court, and except for any Claim that is Secured by property of a value more than the principal amount of such claims, the amount of an Allowed Claim shall not include any attorneys' fees, costs, penalties, or interest on such Claim occurring or incurred from and after the Petition Date.[16]

AlphaCare voted to accept the Plan and did not object to the Plan, its confirmation, or the Plan's express exclusion of post-petition attorney's fees from allowed claims.[17] The Plan further provides that claims not meeting the definition of "Allowed Claim" are "Disallowed Claims."[18]

### D. AlphaCare's retention of counsel and procedural conduct

---

[11] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 313.
[12] *Id.*
[13] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 277, 367.
[14] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 3, 59.
[15] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 9–10.
[16] *Id.*
[17] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 339, at 1, 2–3.
[18] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 9–10.

AlphaCare retained counsel on August 8, 2025, after the bar date for filing proofs of claim had passed.[19] For approximately seven months following counsel's retention, AlphaCare's counsel adopted the *pro se* pleadings filed by AlphaCare's owner without filing a proper answer or expressly asserting a claim for attorney's fees.[20] During this period, counsel attended depositions and produced documents in discovery.[21] The Debtors made a settlement offer to pay approximately 70% of AlphaCare's claim in July 2025.[22]

### E.  Initial motion for leave to amend and court's denial

In February 2026, more than seven months after retaining counsel and after discovery had progressed substantially, AlphaCare filed its Motion for Leave to Amend its Proof of Claim to include contractual attorney's fees and default interest.[23] This initial motion did not include a proposed amended proof of claim.[24] The Debtors opposed the motion to amend, arguing that the proposed amendment was procedurally improper and sought claims foreclosed by the confirmed Chapter 11 plan.[25] On March 26, 2026, this Court entered an Order denying AlphaCare's Motion for Leave to Amend the Proof of Claim.[26] AlphaCare's counsel has billed approximately $49,000 in attorney's fees to date.[27] These fees were accumulated over a seven-month period during which AlphaCare did not disclose its demand for attorney's fees to the Debtors or the Court.[28]

### F.  AlphaCare's Rule 59(e) Motion and proposed amended proof of claim

---

[19] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 370.
[20] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 313, 402.
[21] ECF No. 55-1, at 108-114.
[22] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 400-14.
[23] ECF No. 19.
[24] *See id.*
[25] ECF No. 25.
[26] ECF No. 47.
[27] ECF No. 55-1, at 108-114.
[28] *Id.*

On April 8, 2026, AlphaCare filed its instant Motion to Reconsider, seeking reconsideration of the Court's March 26, 2026 denial order.[29] This motion was filed within fourteen days of the denial order, making it timely under Bankruptcy Rule 9023.[30] In the Motion to Reconsider, AlphaCare attached a proposed Amended Proof of Claim, which it had failed to include in the initial motion.[31] The proposed amended proof of claim reflects a reduction of the principal claim amount from approximately $126,000 to approximately $120,000 and includes a demand for contractual attorney's fees.[32] AlphaCare's Motion to Reconsider largely repeats the arguments presented in its initial motion, citing the same authorities and legal theories.[33] However, AlphaCare also presents additional arguments regarding the Supreme Court's decision in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*[34]

### G. Discovery status and trial preparation

Discovery deadlines have passed, and the parties have negotiated and filed the Joint Pre-Trial Statement.[35] Trial is scheduled for July 28, 2026, estimated to last approximately four days in Brownsville, Texas.[36] The Debtors' confirmed Plan provides for payment of allowed claims in full and required the Debtors to deposit funds sufficient to satisfy those claims.[37] The Debtors are therefore solvent for purposes of the claims allowance analysis and have escrowed funds sufficient to pay claims in full.[38] On May 15, 2026, the Debtors filed their Motion to Strike, arguing that AlphaCare's Motion to Reconsider is procedurally improper under Fifth Circuit standards because

---

[29] ECF No. 55.
[30] *Id.*; ECF No. 47; FED. R. BANKR. P. 9023.
[31] ECF No. 55-1.
[32] ECF No. 55-1, at 2, 24.
[33] *See* ECF No. 19; ECF No. 55.
[34] ECF No. 55, at 5; *see* Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443 (2007).
[35] ECF No. 28.
[36] ECF No. 46.
[37] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 4; ECF No. 319-1, at 2, 4.
[38] *See In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 4; ECF No. 319-1, at 2, 4.

it rehashes arguments that could and should have been raised in the initial motion and presents no newly discovered evidence or change in controlling law.[39]

## II.    ANALYSIS

AlphaCare has not satisfied the narrow Fifth Circuit standard for Rule 59(e) relief.[40] Rule 59(e), made applicable to bankruptcy proceedings through Bankruptcy Rule 9023, provides an extraordinary remedy for reconsideration of judgments.[41] The Fifth Circuit has explained that Rule 59(e) motions serve the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence, not for raising arguments which could and should have been made before the judgment issued.[42] To prevail in its motion under Rule 59(e), AlphaCare must demonstrate that : (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was previously unavailable; or (3) there is a need to correct a manifest error of law or fact or to prevent manifest injustice.[43]

First, AlphaCare presents no newly discovered evidence—the proposed amended proof of claim and attorney billing statements were within its control and available at the time of the initial motion.[44] Second, there has been no intervening change in controlling law—AlphaCare relies on pre-existing authorities that were available when the initial motion was filed.[45] Third, AlphaCare's motion fails to demonstrate that this Court has made a plain and indisputable error of law or fact

---

[39] ECF No. 61, at 6, ¶ 7.

[40] *In re RunItOneTime LLC*, 2026 LX 50960, at *12; *Webber v. Leson Chevrolet Co.*, No. 24-30637, 2025 LX 586845, at *21 (5th Cir. Nov. 18, 2025).

[41] FED. R. CIV. P. 59(e); Fed. R. Bankr. P. 9023; *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396 (5th 2021) (stating that Rule 59(e) motions are extraordinary remedies and should be used sparingly); *Deeds v. Whirlpool Corp.*, 2017 U.S. Dist. LEXIS 127461, at *38 (S.D. Tex. Aug. 10, 2017); *In re RunItOneTime LLC*, 2026 LX 50960, at *12; *Webber*, 2025 LX 586845, at *21.

[42] *Rollins*, 8 F.4th at 396.

[43] *Webber*, 2025 LX 586845, at *21.

[44] *See id.*

[45] *See id.*

required for reconsideration.[46] Fourth, AlphaCare has not shown manifest injustice because it ignores its own acceptance of the Plan's exclusion of post-petition attorney's fees.[47]

### A. AlphaCare has not presented newly discovered evidence

AlphaCare cannot satisfy the newly discovered evidence prong of the Rule 59(e) standard.[48] The evidence upon which AlphaCare relies—its proposed amended proof of claim and the fee records supporting the post-petition attorney's fees claim—were entirely within AlphaCare's control and knowledge at the time of the initial motion to amend.[49] These materials did not emerge from sources external to AlphaCare; rather, they represent documents and information that AlphaCare possessed throughout the relevant proceedings.[50] The Fifth Circuit has made clear that Rule 59(e) does not permit the submission of matters already available or known to the party submitting the purported new evidence.[51] AlphaCare's failure to present these materials in its initial motion to amend cannot be remedied through a Rule 59(e) motion to reconsider.[52] The fact that AlphaCare now wishes to present evidence it could have presented earlier does not transform that evidence into newly discovered evidence within the meaning of Rule 59(e).[53]

### B. No intervening change in controlling law

AlphaCare cannot demonstrate an intervening change in controlling law.[54] The cases upon which AlphaCare relies, including *Travelers* and other authorities cited in support of its position,

---

[46] *See id.*
[47] *See id.*
[48] *See id*; *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)
[49] ECF No. 55-1.
[50] *See id.*
[51] Templet v. HydroChem Inc., 367 F.3d 473, 479, 483 (5th Cir. 2004) ("[U]nexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."); *Russ*, 943 F.2d at 593; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 569 (5th Cir. 2003).
[52] *See* Templet, 367 F.3d at 479, 483; *Russ*, 943 F.2d at 593.
[53] *See* Templet, 367 F.3d at 479, 483; *Russ*, 943 F.2d at 593; *Schiller*, 342 F.3d at 567.
[54] *See Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017).

predate the Court's initial ruling on the first motion to amend.[55] To succeed under the relevant prong of the Fifth Circuit test, the movant must demonstrate that the controlling law has in fact changed.[56] If AlphaCare believed that controlling law supported its position, it had the opportunity to present those authorities in its initial motion to amend.[57] The subsequent citation of the same authorities in a motion to reconsider does not constitute an intervening change in law; it merely represents AlphaCare's attempt to re-urge arguments that could and should have been made before the judgment issued.[58]

### C. AlphaCare fails to demonstrate a plain and indisputable error of law or fact

AlphaCare's Motion to Reconsider is fundamentally grounded in disagreement with the Court's reasoning in denying the initial motion to amend.[59] However, a party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief under Rule 59(e).[60] Manifest error requires a showing that the Court committed a clear error of law or fact that is plain and indisputable and amounts to a complete disregard of the controlling law.[61] AlphaCare has not identified any legal principle that the Court misapplied, nor has it demonstrated that the Court's factual findings were clearly erroneous.[62] The mere assertion that the Court reached an incorrect conclusion does not meet the demanding standard of manifest error required for Rule 59(e) relief.[63]

---

[55] Travelers Cas. & Sur. Co. of Am., 549 U.S. 443; *Ogle v. Fidelity & Deposit Co.*, 586 F.3d 143 (2d Cir. 2009); *In re Bayou Group*, 431 B.R. 549 (S.D.N.Y. 2010); *SummitBridge Nat'l Investments III, LLC v. Faison*, 915 F.3d 288 (4th Cir. 2019); *In re Southmark Corp.*, 88 F.3d 311 (5th Cir. 1996); *Banister v. Davis*, 590 U.S. 504 (2020).

[56] *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

[57] *See* ECF No. 19.

[58] *See Rollins*, 8 F.4th at 396; Banister, 590 U.S. at 508 (2020).

[59] *See Schiller*, 342 F.3d at 567; *Templet*, 367 F.3d at 479.

[60] *Schiller*, 342 F.3d at 567; *Templet*, 367 F.3d at 479.

[61] *Demahy*, 702 F.3d at 185; *Schiller*, 342 F.3d at 567; *Doucet v. Boardwalk Pipelines, L.P.*, No. 4:20-CV-1793, 2022 U.S. Dist. LEXIS 150280, at *4 (S.D. Tex. 2022) (citing *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

[62] *See Demahy*, 702 F.3d at 185; *Schiller*, 342 F.3d at 567; *Doucet*, 2022 U.S. Dist. LEXIS 150280, at *4.

[63] *See Demahy*, 702 F.3d at 185.

The Debtors' reorganization plan explicitly defines "Allowed Claim" to exclude post-petition attorney's fees for unsecured claims.[64] AlphaCare has voted to accept said plan.[65] The plan was confirmed.[66] Under 11 U.S.C. § 1141(a), a confirmed plan binds all creditors, whether or not such creditor has accepted the plan or whether their claims are impaired.[67] Thus, the plan, along with its exclusion of post-petition attorney's fees for unsecured creditors, likewise binds AlphaCare.[68]

Moreover, the principle of res judicata precludes AlphaCare from litigating this issue.[69] The Fifth Circuit has established a four-part test for determining whether res judicata applies: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases.[70] First, AlphaCare was a party to the Debtors' chapter 11 proceeding and voted to accept the plan containing a binding provision settling the issue of attorney's fees.[71] After the plan was confirmed, AlphaCare filed a motion to amend its Proof of Claim, requesting to add attorney's fees.[72] Likewise, Debtors were party to both proceedings.[73] Second, the bankruptcy court possessed competent jurisdiction to confirm the plan.[74] Third, the confirmation order constitutes a final judgment on the merits.[75] Fourth, AlphaCare's original proof of claim and its post-confirmation attempt to amend that claim both concern the same underlying

---

[64] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, at 9.
[65] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 339.
[66] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 367.
[67] 11 U.S.C. § 1141(a).
[68] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 367; 11 U.S.C. § 1141(a).
[69] *See* Eubanks v. Fed. Deposit Ins. Corp., 977 F.2d 166, 169–170 (5th Cir. 1992).
[70] *Id.* at 169–170.
[71] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 367, 401-1.
[72] ECF No. 19.
[73] *Id.*; ECF No. 1; *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 367.
[74] 11 U.S.C. § 1334(b).
[75] *See Eubanks*, 977 F.2d at 170 ("[A] bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes."); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010).

debt obligation and therefore involve the same cause of action for res judicata purposes.[76] The confirmation order—binding all creditors, including AlphaCare—determined the components that would be included in AlphaCare's allowed claim under the plan's definition, explicitly excluding post-petition attorney's fees.[77] AlphaCare's motion to amend its proof of claim to add attorney's fees seeks to alter what constitutes its allowed claim—a matter resolved at confirmation.[78] Therefore, the principle of res judicata, as articulated by the Fifth Circuit, precluded AlphaCare from relitigating the issue by way of its Motion to Reconsider.[79]

Nothing in AlphaCare's Motion to Reconsider points to a manifest error as to the foregoing.[80] Hence, AlphaCare has failed to demonstrate that this Court has made a manifest error of law or fact warranting a reconsideration.[81]

### D. AlphaCare's asserted inequity does not constitute manifest injustice

AlphaCare's argument that denying the amendment would work manifest injustice fails to demonstrate the extraordinary circumstances necessary for Rule 59(e) relief.[82] Manifest injustice, as a basis for reconsideration, requires circumstances that go beyond a party's disagreement with the fairness or equity of a particular outcome.[83] Moreover, AlphaCare's position is undermined by its own acceptance of the confirmed plan.[84] The plan explicitly defines "Allowed Claim" to exclude post-petition attorney's fees for unsecured claims.[85] By voting to accept the plan,

---

[76] ECF No. 19; *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 401-1.

[77] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 277, 367.

[78] ECF No. 19; *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF Nos. 277, 367.

[79] Eubanks, 977 F.2d at 169–170.

[80] ECF No. 55.

[81] *See* ECF No. 55; Eubanks, 977 F.2d at 169–170.

[82] *See Bender Square Partners v. Factory Mut. Ins. Co.*, No. 4:10-cv-4295, 2012 U.S. Dist. LEXIS 74709, at *13 (S.D. Tex. May 27, 2012).

[83] *Bender Square Partners*, 2012 U.S. Dist. LEXIS 74709, at *13 ("[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.").

[84] *See In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 339.

[85] *In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277.

AlphaCare accepted the treatment of its claim as defined by that plan.[86] AlphaCare cannot now seek to circumvent the plan's terms through a motion to reconsider, particularly when the plan's exclusion of post-petition attorney's fees was a material term that AlphaCare accepted when voting on the plan.[87]

### III.   CONCLUSION

The Fifth Circuit has adopted a narrow and exacting standard for Rule 59(e) motions, emphasizing that they serve the purpose of correcting manifest errors of law or fact or presenting newly discovered evidence, not for raising arguments which could and should have been made before the judgment issued.[88] AlphaCare's motion does not present newly discovered evidence or a law that did not exist at the time of its initial motion to amend. Nor does it demonstrate a manifest error of law or fact warranting reconsideration. Finally, AlphaCare's assertion of manifest injustice ignores its vote to accept the Debtor's reorganization plan, which expressly excludes the relief AlphaCare seeks.

For the foregoing reasons, this Court concludes that AlphaCare's Motion to Reconsider fails to meet the stringent Fifth Circuit standard for reconsideration. AlphaCare has not presented newly discovered evidence, demonstrated an intervening change in controlling law, or shown manifest error or manifest injustice. The motion improperly rehashes arguments that could and should have been raised in the initial motion and represents an attempt to relitigate issues already decided. The confirmed Plan's express exclusion of post-petition attorney's fees from allowed claims for unsecured creditors is binding and enforceable and precludes AlphaCare from relitigating the issue.

---

[86] *See In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 339; 11 U.S.C. § 1141(a).
[87] *See In re Hub City Home Health, Inc.*, No. 24-10191, at ECF No. 277, 339.
[88] *Rollins*, 8 F.4th at 396.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Thursday, June 18, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**